UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH T. KINGREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00238-JPH-MJD |
| ) | |
| MCLAUGHLIN Ms., Case Manager, ) | |
| K. INDA Mental Health, ) | |
| K. GILMORE Warden, ) | |
| LITTLEJOHN Deputy Warden, ) | |
| ) | |
| Defendants. ) | |

**Order Concerning Filing Fee,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

Indiana Department of Correction inmate Joseph T. Kingrey filed this 42 U.S.C. § 1983 action on May 4, 2020, against officials at the Wabash Valley Correctional Facility in Carlisle, Indiana. The Court makes the following rulings and orders.

**I. Filing Fee**

No later than **June 5, 2020**, Mr. Kingrey shall pay the $400 filing fee to the clerk of the district court. Alternatively, Mr. Kingrey may move for leave to proceed without prepayment of the filing fee on a form furnished by the clerk. The motion must be accompanied by a certified statement of the last six-months of financial transactions in Mr. Kingrey's inmate trust account. The **clerk is directed** to send Mr. Kingrey, with his copy of this Order, a blank form motion for seeking leave to proceed with prepayment of the filing fee.

**II. Screening Standard**

Because Mr. Kingrey is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss a complaint or any claim

1

within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III. Plaintiff's Claims

In his complaint, Mr. Kingrey names as defendants Case Manager Ms. McLaughlin, Mental Health Provider K. Inda, Warden K. Gilmore, and Deputy Warden Littlejohn. He alleges that on January 5, 2020, he overdosed and was placed in a watch cell and then a different cell, Q102. Cell Q102 did not have a call button. He informed K. Inda and Ms. McLaughlin that his cell did not have a call button, and he wrote to Warden K. Gilmore and Deputy Warden Littlejohn about the lack of a call button, and told them he had just overdosed, his "thinking isn't always right," and the "cell alone was getting to me." Dkt. 1 at 2. Other than the Deputy Warden notifying the "MH treatment" and "CCV treatment" teams, none of the defendants did anything to remove Mr. Kingrey from cell Q102 until he was removed from the cell on March 11, 2020.

Mr. Kingrey also alleges that the prison grievance specialist refused to submit his grievance so that his being placed in cell Q102 without a "help button will be on file." *Id.* He also alleges that the defendants wanted him to die, because he and his family wrote or contacted them every

week and they did not take action. Because of this, he alleges, he "suffered every night trying to sleep knowing that [the defendants] wanted him to die." *Id.*

In relief, Mr. Kingrey asks for $20,000 for his pain and suffering.

## IV. Discussion

Giving Mr. Kingrey's *pro se* complaint a liberal interpretation, the Court construes it to raise Eighth Amendment claims for (a) deliberate indifference to serious medical needs, and (b) failure to provide constitutional conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (an Eighth Amendment deliberate indifference claim has two elements: (1) the plaintiff suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk); *id.* at 834 ("[a] prison official's act or omission [that] result[s] in the denial of the minimal civilized measure of life's necessities" violates the Eighth Amendment). "According to the Supreme Court, . . . 'extreme deprivations are required to make out a conditions-of-confinement claim.'" *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Applying the foregoing screening standard to these authorities, Mr. Kingrey's complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. A prison cell's lack of a call button, even the lack of a working call button, does not by itself violate the constitution. *Chatham v. Davis*, 839 F.3d 679, 684-85 (7th Cir. 2016) (no constitutional violation where officials were not aware of a substantial risk of harm posed by the lack of a call button). Mr. Kingrey has pled no injury other than a vague "suffering" while trying to sleep, which in turn was because of his fear that officials wanted him to die. He pleads no facts to suggest that officials wanted him to die. Additionally, officials were not deliberately indifferent to

Mr. Kingrey's serious medical needs when Kingrey notified them that "the cell alone was getting to me." Dkt. 1 at 2. Mr. Kingrey's allegations that he feared officials wanted him to die and his cell "was getting to him" do not allege a serious medical condition.

Finally, Mr. Kingrey's allegations that the grievance specialist refused to submit his grievances so that his placement in a cell without a call button could be on file does not state a constitutional claim. There is no federal constitutional right to a prison grievance system. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). A prison official's act of not following prison rules or regulations does not violate the constitution. *McGee v. Mayo*, 211 F. App'x 492, 494 (7th Cir. 2006) (citing *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992)). And there is no federal constitutional right to have certain conditions "on file" or documented.

For these reasons, and as noted above, Mr. Kingrey's May 4, 2020, complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### V. Show Cause

The complaint has been dismissed. Before dismissing this action and entering final judgment, Mr. Kingrey shall have until **June 5, 2020**, to file a motion to reconsider that explains why the complaint should not have been dismissed and instead allowed to proceed. Alternatively, Mr. Kingrey shall have through **June 5, 2020**, in which to file an amended complaint curing the deficiencies identified in this Order and containing viable constitutional claims.

### VI. Conclusion

The complaint has been dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Mr. Kingrey shall have through **June 5, 2020**, in which to pay the $400 filing fee or seek leave to proceed without prepayment of the filing fee. The **clerk is directed**

to send Mr. Kingrey a blank form motion for that purpose with his copy of this Order. Mr. Kingrey shall also have through **June 5, 2020**, in which to file a motion to reconsider or an amended complaint as directed in Section V of this Order.

A failure to take these actions by the stated deadline will result in the dismissal of this action and entry of final judgment without further notice.

**SO ORDERED**.

Date: 5/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Joseph T. Kingrey
260003
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838